### SELON H. CASE v. GARRET GARRETSON.

Where a deposition *de bene esse* has been taken upon short notice under section 25 of the act concerning evidence (*Rev., p.* 382), the reasons for the taking of the same and the requirement of the commissioner in respect to the notice, together with a copy of the notice itself, can appear only by the certificate of the commissioner. Oral proofs offered before the trial court were properly rejected.

On rule to show cause. The facts appear fully in the opinion.

Argued at February Term, 1891, before BEASLEY, CHIEF JUSTICE, and Justices MAGIE, DIXON and GARRISON.

For the plaintiff, *Frank E. Bradner.*

For the defendant, *John S. Voorhees.*

The opinion of the court was delivered by

GARRISON, J. This is an action on a promissory note, the making and endorsement of which were admitted at the trial. The defence was that the note had been obtained by false rep-

resentations, of which there was some proof. The plaintiff
offered in evidence certain depositions which had been received
by the trial court properly sealed. What these depositions
contained we do not know, as the state of the case is silent
upon that point. The justice before whom the case was tried
excluded these depositions upon the ground that the Supreme
Court commissioner before whom they had been taken had
not certified any reason for taking them, and upon the further
ground that, whereas they were taken upon short notice it
did not appear by the certificate of the commissioner that the
case, in his opinion, required such short notice. The verdict
was for the defendant, whereupon this rule to show cause why
a new trial should not be granted was allowed. The question
is, whether the depositions should have been received in evi-
dence. The affidavits in question had been taken at Newark,.
New Jersey, before a Supreme Court commissioner, upon
short notice, in the absence of the adverse party. The cer-
tificate of the officer who took them was in these words :

"I, A. B. C. Salmon, Supreme Court commissioner, do
hereby certify that the witnesses above named herein appeared
personally before me, were duly sworn by me and examined
by plaintiff's attorney and gave evidence as is set out above ;.
that such other and further proceedings were had as shown
by this transcript.

"A. B. C. SALMON,
"*Sup. Ct. Comm'r.*"

The notice stated that the witnesses to be examined were
about to leave this state, but the certificate of the commis-
sioner is silent as to the reasons why he took the affidavits,.
or whether, in his opinion, the case was one requiring short
notice. In this condition of affairs the party who had pro-
cured the taking of the depositions offered to supply by oral
proof evidence as to the reasons which moved the commis-
sioner to take the affidavits, and that the commissioner had
fixed the time for taking the same and had authorized the
giving of the notice. The overruling of this offer raises the

only question before us. The privilege of producing upon the trial of an issue of fact affidavits taken elsewhere is so marked a departure from the ordinary course of trials that every safeguard thrown by the legislature around the extraordinary procedure should be upheld. Upon this point there is entire unanimity of judicial sentiment. Chief Justice Kirkpatrick, in the case of *Hendricks* v. *Craig*, 2 *South.* 568, speaking of commissions to take testimony, said: "As the power to take the testimony of absent witnesses is a new power created by statute, the rule is that it must be pursued strictly." To the same effect is the language of Ryerson, J., in *Sayre* v. *Sayre*, 2 *Gr.* 487, 492: "The statute is an innovation on a great and valuable principle of the common law that the witness shall be produced before the jury, who are to judge, as well from his manner as otherwise, of the credit to which he is entitled." "I do not think," said this learned judge, with marked discrimination, "that this is a case where the legislature have engrafted a new principle on the common law which the courts are to regard as a *principle*, and give efficiency to it in practice. They have only made an exception, and the party has not brought himself within it." "This statute," said Chancellor Zabriskie, speaking of the same act, "creates a new power contrary to the settled practice, and should, therefore, be strictly construed and strictly complied with." *Parker* v. *Hayes*, 8 *C. E. Gr.* 186, 187.

In the case of *Moran* v. *Green*, 1 *Zab.* 562, 569, Chief Justice Hornblower, while relaxing the rule as to the directory parts of the statute in reference to the filing of the affidavits, says: "For the due observation of everything relating to these matters the party suing out the commission is alone responsible; but when he has got it back into the hands of a judge of the court out of which it issued, he has done all the law requires him to do," an exception which, it will be observed, instead of loosening the rule rather emphasizes it, so far as the present case is concerned. If we are to be guided by the views thus expressed there will be no difficulty in

giving a construction to the statute under which these deposi-
tions have been taken.

The section in question is this (*Rev., p.* 382, § 25) : " If
any material witness in an action or suit of a civil nature, &c.,
is about to leave the state " (his deposition may be taken *de
bene esse*), " provided, that the officer before whom the depo-
sition is to be taken shall cause notice to be given to the
adverse party immediately, or at such short day as the case, in
the opinion of the said officer, may require to attend and be
present at the taking thereof, and to put questions and cross-
examine, if he shall think fit." As has been shown, the con-
census of judicial opinion favors that construction of this
statute which gives to the language employed its plain and
unmistakable meaning. The act says that there shall be a
certificate by the officer who took the affidavits, of the reasons
for their being taken and of the notice given to the adverse
party. *Rev., p.* 382, § 27. The entire matter is a creature
of legislative enactment, so that it is difficult to see by what
power these statutory provisions can be altered by this court,.
even if it were deemed advisable to dispense with them..
Apart, however, from authority there are cogent reasons why
these jurisdictional matters should appear to the trial court by
official certificate rather than by oral proofs. In the first
place, they concern matters resting in the bosom of the official
who makes the adjudication, and hence cannot safely be the
subject of oral testimony from the mouths of others. The
reasons which move the officer to take the affidavits and his
opinion as to the facts required by the exigencies of the case
before him are known to himself. The best evidence, there-
fore, is his own statement. All else is hearsay or surmise..
Further, it is evident that the cases in which contention will
arise are those in which the depositions have been taken in
the absence of the adverse party. For, if he appear and cross-
examine the witnesses, his presence or his conduct may be
such as to waive his right to insist upon the statutory pro-
visions designed for his protection. In this respect each case
must be determined upon the general principles applicable to

its peculiar features. But where the return of the officer shows that the affidavits were taken in the presence only of the party procuring them, the adverse party has a right to insist that they shall become evidence against him only when delivered to the trial court with the jurisdictional facts proved in the manner prescribed by the statute. To hold otherwise would be to place it within the power of the party who had procured the proofs and who alone was represented at their taking to adduce testimony in their support, which, under the circumstances, it would be entirely beyond the power of the absent party to gainsay or even to verify except by calling the officer himself, thus shifting the burden of proof in an opppressive and unwarranted manner. When we consider that the matters to be proved are the reasons which operated upon the mind of the official, and his opinion as to the necessity of short notice, we shall see the difficulty and danger of permitting such matters to rest in oral proofs offered by an interested party during the course of a trial—difficulties and dangers which are incurred solely by an arbitrary disregard of the provisions of the statute which plainly enacts that these matters are to be shown by the certificate of the officer. As between these two lines of practice, if the language of the statute was open equally to either construction, I should deem the construction indicated most consonant with correct principle and sound policy. When to this conclusion is added the weight of judicial opinion as to the spirit in which acts of this kind are to be construed and the legislative intent is expressed in unambiguous language, I can see neither reason nor authority for permitting the substitution of oral testimony for the official certificate required by the statute under review.

Section 43 of an act concerning evidence (*Rev., p.* 385) does not reach the infirmity of the certificate now before us. That section provides that any deposition may be overruled upon objections to the competency of witnesses or of testimony, or to the regularity of questions, but " shall not be excluded for any irregularity or informality in taking or returning the same, if the court in which the same is offered shall be satis-

fied that the testimony of the witnesses has been fairly and truly taken and returned." The taking of testimony here mentioned refers to the mode in which the witness is interrogated and to the form in which his testimony is transcribed, and the returning of the depositions refers to their custody from the time they are sealed by the commissioner until they are delivered to the court. But nothing in this act alters the previous provisions as to what the certificate shall contain. Moreover, these irregularities are to be overlooked only when the court is satisfied concerning the fairness with which the testimony was taken. But under the views above expressed it would be *petitio principii* to say that depositions which cannot be received, because not properly accredited, may be used to satisfy the mind of the court by their internal evidence concerning the manner in which the testimony was taken. Such a course would not be overlooking an irregularity, it would be abrogating a legislative provision.

The rule to show cause should be dismissed, with costs.